IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DENISE RANDLES, ) | |
| ) | |
|       *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. 1:23-cv-00142 (AJT/JFA) |
| ) | |
| THE TOWN OF HERNDON, ) | |
| ) | |
|       *Defendant.* ) | |
| _____) | |

## **ORDER**

On September 27, 2023, the Court held a hearing on Plaintiff Denise Randles' Motion for Partial Summary Judgment ("Plaintiff's Motion"), [Doc. No. 153], and Defendant the Town of Herndon's Motion for Summary Judgment ("Defendant's Motion"), [Doc. Nos. 162, 167], following which the Court denied the Motions, finding credibility issues and disputed issues of material facts as to each claim and defense that precludes judgment in either party's favor as a matter of law.

Defendant has also requested in its Motion that the Court reconsider its ruling rejecting Defendant's claim of sovereign immunity with respect to Plaintiff's claims under the Virginia Human Rights Act ("VHRA") in Counts III and IV. In Virginia, sovereign immunity "protects municipalities from tort liability arising out of the exercise of governmental functions." *Niese v. City of Alexandria*, 564 S.E.2d 127, 132 (Va. 2002). "[W]aiver of immunity cannot be implied from general statutory language or by implication. Statutory language granting consent to suit must be explicitly and expressly announced." *Hinchey v. Ogden*, 307 S.E.2d 891, 895 (Va. 1983) (quoting *Elizabeth River Tunnel Dist. v. Beecher*, 117 S.E.2d 685, 689 (Va. 1961)).

In support of its contention that sovereign immunity attached to it with respect to Plaintiff's claims, Defendant cited to a federal district court decision, *Mais v. Albermarle County School Board*, No. 3:22-cv-51, 2023 WL 2143471, at *7 (W.D. Va. Feb. 21, 2023), and one state court

decision, *Patel v. Virginia*, No. CL21-6527, 2021 WL 2808929, at *2 (Va. Cir. Ct. July 2, 2021), both of which concluded that the VHRA does not waive sovereign immunity for a claim against a school board and the Commonwealth of Virginia, respectively. In its request for reconsideration, Defendant cites to another state court decision, *Jordan v. School Board of Norfolk*, Doc. No. CL22-16772, 2023 Va. Cir. LEXIS 84 (Va. Cir. Ct. June 13, 2023), which similarly held that the doctrine of sovereign immunity precluded a claim under the VHRA against a school board.

All of these decisions are predicated on two settled principles: (1) sovereign immunity "continues to apply in the absence of a legislative waiver by which the [governmental entity] consents to be sued in its own courts," *Doud v. Commonwealth*, 717 S.E.2d 124, 124-25 (Va. 2011); and (2) governmental agencies are "not bound by statutes of general application 'no matter how comprehensive the language, unless named expressly or included by necessary implication,'" *Cuccinelli v. Rector, Visitors of Univ. of Va.*, 722 S.E.2d 626, 630 (Va. 2012). *Doud* considered whether sovereign immunity applied for a claim under the Virginia Tort Claims Act ("VTCA") and *Cuccinelli* considered whether sovereign immunity applied to a claim under the Virginia Fraud Against Taxpayers Act ("VFATA").

Both the VTCA and the VFATA contain definitions of those persons and entities against which a claim may be made. Based on those definitions, the Supreme Court of Virginia in *Doud* concluded that the defendant Sherriff, a constitutional officer, was not sufficiently identified as within the VTCA's definition of "employee" to waive sovereign immunity against the Commonwealth.[1] *Doud*, 717 S.E.2d at 322. And in *Cuccinelli*, the Supreme Court of Virginia concluded that the VFATA did not waive sovereign immunity with respect to a claim against the University of Virginia because the VFATA "contains no express inclusion of the Commonwealth

---

[1] The VTCA imposes liability on the Commonwealth for damages caused by the negligence of "any employee while acting within the scope of his employment." Va. Code § 8.01-195.3. An "employee" is defined as "any officer, employee or agent of any agency, or any person acting on behalf of an agency in an official capacity." *Id.* § 8.01-195.2. And "agency" is defined as "any department, institution, authority, instrumentality, board or other administrative agency of the government of the Commonwealth of Virginia." *Id.*

in its definition of 'person.'" *Cuccinelli*, 722 S.E.2d at 631 ("Nor do we find the term 'corporation' to be sufficient to expressly include corporate agencies of the Commonwealth such as public universities."); *see also Fogleman v. Commonwealth*, No. 0841-22-2, 2023 WL 6065593, at *2-4 (Va. Ct. App. Sept. 19, 2023) (unpublished decision) (rejecting that "the Code § 1-230 definition of 'person' creates such a strong implication that sovereign immunity in the VHRA is waived" as to the "Commonwealth or its agencies"). Noteworthy for the purposes of this case is that the Supreme Court in *Cuccinelli* went on to observe that "the General Assembly has also demonstrated throughout the Code its ability to define the term 'person' to include governmental bodies when it so intended," and "[s]ince the General Assembly has expressly excluded the Commonwealth and its agencies elsewhere in the Code, we cannot find that the FATA expressly includes UVA under its definition of 'person' merely because the definition includes corporations." *Cuccinelli*, 722 S.E.2d at 631.

The VHRA, upon which Counts III and IV are premised, prohibits an "employer" from taking certain actions. Va. Code § 2.2-3905. An "employer" is defined as a "person" who meets certain requirements. *Id*.  But unlike the VTCA and the VFATA, which uniquely defined "employee" and "person," respectively, the VHRA does not define a "person." However, Va. Code § 1-230 defines a "person" to include  "any . . . political subdivision…." Va. Code § 1-230. Unlike the school board in *Mais* and *Jordon* and the Commonwealth of Virginia in *Patel* and *Fogleman,* this definition clearly and unambiguously includes defendant the Town of Herndon, a political subdivision.[2] And Va. Code § 1-202 states that this definition "**shall** be used in the construction of this Code and the acts of the General Assembly, unless the construction would be inconsistent with the manifest intention of the General Assembly." Va. Code § 1-202

---

[2] A political subdivision has been defined as a "local government[ ] created by the states . . . includ[ing] counties, cities, towns." *Political Subdivisions*, ENCYCLOPEDIA.COM, https://www.encyclopedia.com/history/dictionaries-thesauruses-pictures-and-press-releases/political-subdivisions (last visited Sept. 27, 2023); *see also Political Subdivision*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining the term as "[a] division of a state that exists primarily to discharge some function of local government").

(emphasis added). Unlike in *Doud* and *Cuccinelli*, there is no competing definition in the VHRA to the definition of "person" in § 1-230; and the Court can find no indication in the VHRA or elsewhere that the definition of "person" in § 1-230, which expressly includes a political subdivision, is inconsistent with any "manifest intention" of the General Assembly to exclude a political subdivision such as the Town of Herndon from its coverage.

Accordingly, for the above reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. No. 153] be, and the same hereby is **DENIED**; and it is further

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. Nos. 162, 167] be, and the same hereby is, **DENIED;** and it is further

**ORDERED** that the Defendant's request for reconsideration of the Court's ruling on sovereign immunity be, and the same hereby, is **DENIED**.

The Clerk is directed to forward a copy of this Order to all counsel of record.

September 28, 2023
Alexandria, Virginia

Anthony J. Trenga
Senior U.S. District Judge