**EXHIBIT A**

**PLAINTIFF'S DISPUTED JURY INSTRUCTIONS**

**WITH CITATIONS**

## PLAINTIFF'S PROPOSED JURY INSTRUCTION B

### <u>Contact with Others</u>

First, please do not discuss the case with anyone. This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, blogging or any Internet chat room, web site or other feature.  If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial, including jury deliberations, may last as late as October ____, that's okay.  But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case. If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the me  as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the Internet. And in the unlikely event you see anything in the media about this case, please turn away and pay it no heed. Your sworn duty is to decide this case solely and wholly on the evidence presented in this courtroom.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations. The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.

Given:_____

Refused:_____

Date:_____

By:_____

(Adapted from Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, <u>Modern Federal Jury Instructions</u> – Civil, Volume 4, Section 71 (2012),  Instruction 71-15.)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION E**

### Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass judgement upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact or issue in evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed to be struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the party has proven his or her case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.

You are expressly directed to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Given:_____

Refused:_____

Date:_____

By:_____

(Adapted from Sand, Siffert, Louglin, Reiss, Allen, Rakoff, <u>Modern Federal Jury Instructions</u> – Civil, Volume 4, Section 71 (2012), Instruction 71-3.)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION F**

**<u>Note-Taking by Jury Permitted</u>**

If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence. Also, if you take notes, do not discuss them with anyone before or during your deliberations. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.

Given:_____

Refused:_____

Date:_____

By:_____

(Adapted from Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, <u>Modern Federal Jury Instructions</u> – Civil, Volume 4, Section 71 (2012), Instruction 71-16.)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION G**

**<u>Juror Attentiveness</u>**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.


Given:_____

Refused:_____

Date:_____

By:_____


(Adapted from Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, <u>Modern Federal Jury Instructions</u> – Civil, Volume 4, Section 71 (2012),  Instruction 71-1.)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION H

### Evidence in the Case

The evidence in the case will consist of the following:

1.  The sworn testimony of the witnesses, no matter who called a witness.

2.  All exhibits received in evidence, regardless of who may have produced the exhibits.

3.  All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Deposition testimony may also be received in evidence. Depositions are of witnesses who provided testimony under oath, with the lawyers for each party being present and being entitled to ask questions. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true . When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, I will have made that clear to you. Should that occur, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the statements of the witness.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

Given:_____

Refused:_____

Date:_____

By:_____

(Adapted from O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, 5th ed., § 101.40.)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION I

### <u>What Is and Is Not Evidence</u>

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness' credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which were marked for identification may not be considered by you as evidence unless they were received in evidence by the court. To constitute evidence, exhibits must be

received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Given: _____

Refused:_____

Date:_____

By:_____

(Adapted from Sand, Siffert, Louglin, Reiss, Allen, Rakoff, <u>Modern Federal Jury Instructions</u> – Civil, Volume 4, Section 74 (2012), Instruction 74-1.)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION J**

**<u>Direct and Circumstantial Evidence</u>**

There are two types of evidence which you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact indirectly, based on y other proven facts that support an inference that the disputed fact exists. Here is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

11

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

Given: _____

Refused:_____

Date:_____

By:_____

(Adapted from Sand, Siffert, Louglin, Reiss, Allen, Rakoff, <u>Modern Federal Jury Instructions</u> – Civil, Volume 4, Section 74 (2012), Instruction 74-2.)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION K

### **Burden of Proof – General Instructions**

This is a civil case and as such the plaintiff, Denise Randles, has the burden of proving the material allegations of her complaint by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that the plaintiff has carried her burden on each essential point as to which she has the burden of proof, then you must find for Denise Randles on her claims.  If after such consideration you find the testimony of the plaintiff and the defendant to be in equal balance or equally probable, then the plaintiff has failed to sustain her burden and you must find for the defendant.

If you find that the plaintiff has established the essential elements of her case, then you should proceed to consider the issue of damages.


Given: _____

Refused:_____

Date:_____

By:_____


(Adapted from Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, Modern Federal Jury Instructions – Civil, Volume 4, Section 73 (2012),  Instruction 73-1.)

13

## PLAINTIFF'S PROPOSED JURY INSTRUCTION L

### Standard of Proof:

### <u>Definition of Preponderance of the Evidence</u>

The party with the burden of proof on any given issue has the burden of proving every disputed element of its claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish its claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he or she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That criminal higher burden of proof is a higher burden than Ms. Randles must meet in this case.  That requirement does not apply to any civil case such as this and you should put it out of your mind.

Given: _____

Refused:_____

Date:_____

By:_____

(Adapted from Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, <u>Modern Federal Jury Instructions</u> – Civil, Volume 4, Section 73 (2012), Instruction 73-2.)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION M

### <u>Witness Credibility</u>

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  It must also be obvious to you that both sides cannot be true, and this is where you play your role as jurors.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you?  Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its

consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.


Given: _____

Refused:_____

Date:_____

By:_____


(Adapted from Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, <u>Modern Federal Jury Instructions</u> – Civil, Volume 4, Section 76 (2012),  Instruction 76-1.)

17

**PLAINTIFF'S PROPOSED JURY INSTRUCTION N**

**<u>Discrepancies in Testimony</u>**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony.  On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself or herself.  It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Given: _____

Refused:_____

Date:_____

By:_____

(Adapted from Sand, Siffert, Louglin, Reiss, Allen, Rakoff, <u>Modern Federal Jury Instructions</u> – Civil, Volume 4, Section 76 (2012), Instruction 76-4.)

## J PLAINTIFF'S PROPOSED JURY INSTRUCTION O

### Impeachment by Prior Inconsistent Statements

You have heard evidence that at some earlier time, a witness has said or done something which counsel argues is inconsistent with that witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

Given: _____

Refused:_____

Date:_____

By:_____

 (Adapted from Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, Modern Federal Jury Instructions – Civil, Volume 4, Section 76 (2012), Instruction 76-5.)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION P

### <u>Bias</u>

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.


Given: _____

Refused:_____

Date:_____

By:_____


(Adapted from Sand, Siffert, Louglin, Reiss, Allen, Rakoff, <u>Modern Federal Jury Instructions</u> – Civil, Volume 4, Section 76 (2012), Instruction 76-2.)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION Q**

**Inference Defined**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Given: _____

Refused:_____

Date:_____

By:_____

(Adapted from Sand, Siffert, Louglin, Reiss, Allen, Rakoff, <u>Modern Federal Jury Instructions</u> – Civil, Volume 4, Section 75 (2012), Instruction 75-1.)

21

## PLAINTIFF'S PROPOSED JURY INSTRUCTION R

### <u>Party's Failure to Produce Evidence</u>

You have heard testimony about evidence which has not been produced. Counsel for plaintiff has argued that this evidence was in defendant's control and would have proven facts material to the matter in controversy.

If you find that the defendant could have produced the evidence, and that the evidence was within its control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the defendant.

In deciding whether to draw this inference, you should consider whether the evidence not produced would merely have duplicated other evidence already before you. You may also consider whether the defendant had a reason for not producing this evidence, which was explained to your satisfaction. Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.

Given: _____

Refused:_____

Date:_____

By:_____

(Adapted from Sand, Siffert, Louglin, Reiss, Allen, Rakoff, <u>Modern Federal Jury Instructions</u> – Civil, Volume 4, Section 75 (2012), Instruction 75-7.)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION S

### Title VII /VHRA Introductory Instruction

In this case the Plaintiff, Denise Randles, claims that she was subjected to a hostile work environment based on her sex.   She also claims that she was subjected to retaliation because she opposed and complained about the sexual harassment.  Ms. Randles has brought these claims under two statutes, Title VII and the Virginia Human Rights Act.  The elements for proving her claims are the same under each, so my instructions on the elements of proving Ms. Randles' discrimination and retaliation claims apply to both statutes.

Specifically, Denise Randles claims that Stephen Thompson sexually harassed her from 2006 to 2008, and then sexually harassed her again when they worked together starting in about October of 2012 until he left the Herndon Police Department in July of 2020.

Ms. Randles also alleges that Steve Thompson retaliated against her by subjecting her to adverse treatment after she rebuffed his sexual advances starting in 2013, until he left the Department in July of 2020.  Ms. Randles further claims that after Mr. Thompson left, the Town retaliated against her by subjecting her to harassment and other adverse treatment because she complained about him, and because she filed a charge of discrimination with the federal agency that handles those matters, the Equal Employment Opportunity Commission or "EEOC."

Defendant the Town of Herndon denies that Denise Randles was subjected to a hostile work environment on the basis of her sex, and denies that she was subjected to retaliation.

I will now instruct you more fully on the issues you must address in this case.

Given: _____

Refused:_____

Date:_____

By:_____


(Adapted from Third Circuit Title VII Pattern Jury Instruction 8.0)

24

**PLAINTIFF'S PROPOSED JURY INSTRUCTION T**

**Title VII/VHRA Definitions –
<u>Hostile Work Environment Based on Sex Elements of Claim</u>**

In order to prevail on her hostile work environment claim, Ms. Randles must prove that 1) she was subjected to harassment based on her sex; 2) the harassment was unwelcome; 3) it was sufficiently severe to alter terms and conditions of employment or create an abusive work environment; and 4) the Town of Herndon is liable for the harassment.

Given: _____

Refused:_____

Date:_____

By:_____

*Smith v. First Union National Bank*, 202 F.3d 234 (4th Cir. 2000).

25

**PLAINTIFF'S PROPOSED JURY INSTRUCTION U**

**Title VII/VHRA Definitions – Unwelcome Conduct**

In evaluating whether Steve Thompson's conduct was unwelcome to Ms. Randles,  it does not matter whether Ms. Randles voluntarily participated in any sexual activity, meaning that she has no obligation to show that Steve Thompson forced her to participate in sexual activity against her will.  Rather, the correct inquiry is whether Ms. Randles indicated to Mr. Thompson by her words or actions that his conduct was unwelcome to her.

Given: _____

Refused:_____

Date:_____

By:_____

*Meritor Sav. Bank, FAB v. Vinson,* 477 U.S. 57 (1986).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION V

### <u>Title VII/VHRA Definitions – Harassment</u>

In determining whether Ms. Randles' work environment in the Herndon Police Department was "hostile" based on sufficiently severe or pervasive sexual harassment, you must look at all of the facts and circumstances.  Some of the circumstances you may consider include:

- The total environment in which Denise Randles worked;

- Whether the conduct of Steve Thompson that Ms. Randles found offensive occurred because of her sex;

- The frequency of that conduct;

- The severity of the conduct;

- Whether the conduct was pervasive;

- Whether the conduct was unwelcome;

- Whether the conduct was directed toward Denise Randles;

- Whether the conduct included behavior that was physically threatening or humiliating;

- Whether the  conduct affected Denise Randles' psychological or emotional well-being;

- Whether the cumulative effect of the conduct unreasonably interfered with Denise Randles' work performance.

Conduct such as comments that are petty slights, a stray offensive remark, occasional use of abusive language, tasteless jokes, or occasional teasing, does not constitute a hostile work environment. A hostile work environment exists when the conduct is sufficiently severe or pervasive to alter the terms and conditions of employment.  Moreover, a single incident or isolated incidents can constitute a hostile work environment when they are so serious that they are enough to alone alter the plaintiff's terms or conditions of employment.

If you find that  the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar to all the Town's employees, that is not enough. In order to find that Ms. Randles

suffered a hostile work environment based on her sex, you must find that Denise Randles was harassed because of her sex. The harassing conduct may but need not be sexual in nature. Rather, its defining  characteristic is that the harassment complained of is linked to the victim's sex.

Finally, in deciding whether the harassment was sufficiently severe or pervasive to create a hostile work environment, you must find that 1) Denise Randles subjectively perceived the work environment to be abusive or hostile, and 2) that her perception was objectively reasonable, that is, that a reasonable person in Ms. Randles' circumstances would have perceived the work environment as hostile or abusive.

It is important to understand that, in determining whether a hostile work environment on the basis of Ms. Randles' sex existed, you must consider the evidence from the perspective of a reasonable female in the same position. That is, you must determine whether a reasonable female would have been offended or disturbed by the conduct in question. You must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that could subjectively affect the psychological or emotional well-being of a reasonable female or materially interfere with her work performance. The reasonable female is simply one of normal sensitivity and emotional make-up.

Given: _____

Refused:_____

Date:_____

By:_____

Adapted from Third Circuit Title VII Pattern Jury Instruction 5.2.1.  *Meritor Sav. Bank, FAB v. Vinson,* 477 U.S. 57 (1986)*; Harris v. Forklift Sys,* 510 U.S. 17, (1993); *Perkins v. Int'l Paper Co.*, 936 F.3d 196 (4th Cir. 2019).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION W

### Title VII/VHRA - Elements of a Retaliation Claim

Denise Randles claims that the Town of Herndon retaliated against her. To prevail on this claim, Ms. Randles must prove the following by a preponderance of the evidence:

First, that on one or more occasions she opposed or complained about discrimination, including a hostile work environment based on her sex. Opposing or complaining about discrimination is a protected activity and retaliation for doing so violates Title VII and the VHRA. I will refer to this element of her retaliation claim in these instructions as "protected conduct."

Second, that she was subjected to adverse treatment or harassment after the protected conduct took place-that would dissuade a reasonable worker from complaining ; and

Third, that there was a causal connection between the adverse actions or treatment and her protected conduct.

Given:_____

Refused:_____

Date:_____

By:_____

Adapted from Third Circuit Pattern Jury Instruction 5.1.7.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION X**

**<u>Title VII/VHRA – Protected Conduct</u>**

Concerning the first element of her retaliation claim, Ms. Randles claims that she opposed a hostile work environment and discrimination in three ways.  First, that she opposed it when she rebuffed Steve Thompson's sexual advances.  Second, she opposed it by reporting his harassment to other supervisors within the Police Department.  Third, that she opposed it when she filed a charge of discrimination reporting that sexual harassment to the EEOC.

Ms. Randles need not prove the merits of her complaint of discrimination in order for it to be protected conduct, but only that she was acting under a reasonable, good faith belief that her right to be free from discrimination and harassment on the basis of gender was violated.

You are instructed that reporting sexual harassment to supervisors within the Police Department and filing a charge of discrimination are each protected conduct as a matter of law.

Given: _____

Refused:_____

Date:_____

By:_____

Adapted from Third Circuit Pattern Jury Instruction 5.1.7.; *Coates v. Suthars, Inc*., 507 F. Supp. 3d 678, 694 n.10 (W.D. Va. 2020).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION Y

### <u>Title VII/VHRA –Adverse Treatment</u>

Concerning the second element of Ms. Randles' retaliation claim, actions or treatment are "adverse" if they might well have discouraged a reasonable worker from complaining.

Ms. Randles contends that Mr. Thompson subjected her to a continuing hostile work environment in retaliation for rejecting his sexual advances. In this way, a hostile work environment created by Thompson may be retaliatory if it is "adverse" and it is created because she rejected his sexual advances, and may also be discriminatory if it is based on Ms. Randles' sex.

She also contends that the Town of Herndon took adverse actions against her because she complained about Mr. Thompson's harassment to others. A few examples of these actions include discipling her for her role in his sexual harassment of her, subjecting her to excessive scrutiny, unfairly and repeatedly subjecting her to undeserved IAs and sustaining them based at least in part on trumped up reasons, removing her from duty, ordering her to turn in her equipment and bade, refusing to provide her with retirement credentials that are routinely

afforded to retiring police officers.   Such actions may support her retaliation claim if they might well have discouraged a reasonable worker from complaining.

Given: _____

Refused:_____

Date:_____

By:_____

Adapted from Third Circuit Pattern Jury Instruction 5.1.7.; *Burlington Northern & Santa Fe Ry . White*, 548, U.S. 53, 67-68 (2006); *Coates v. Suthars, Inc.*, 507 F. Supp. 3d 678, 694 n.10 (W.D. Va. 2020).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION Z

### Title VII/VHRA – Causation

Concerning the third element of Ms. Randles' retaliation claim, a causal connection between her protected conduct and the Town's adverse actions and treatment may be shown in many ways.

Ms. Randles may prove retaliatory causation by circumstantial evidence. You may therefore consider any statements or actions by the Town, any reasons given for their actions, the nature of the acts themselves, the timing of the actions, that is, how close in time they were to Ms. Randles' protected conduct, and any other facts and circumstances in evidence from which you may infer retaliatory motive.

For example, you may or may not find that there is a sufficient connection through timing, that is if the Town of Herndon's actions (which includes actions by Herndon PD employees) followed shortly after they became aware of Denise Randles's complaints. However, causation is not necessarily ruled out by a more extended passage of time. Causation also may or may not be proven by antagonism shown toward Denise Randles or a change in demeanor toward her.

If you do not believe the reasons given by the Town to be credible or true, then you may conclude that they were not the true reasons for its actions, but were a pretext or an excuse to disguise retaliation.

Ultimately, you must decide whether Denise Randles' complaints had a determinative effect on the adverse actions taken against her.  "Determinative effect" means that if not for Denise Randles' complaints, any of the adverse actions described above would not have occurred.

33

Given: _____

Refused:_____

Date:_____

By:_____


Adapted from Third Circuit Pattern Jury Instruction 5.1.7.  *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION AA**

**Title VII/VHRA Definitions – Retaliatory Hostile Work Environment**

Accordingly, you may find that Ms. Randles has proven a retaliatory hostile work environment claim if you find that 1) she opposed or complained about sex-based harassment; 2) she was subjected to further harassment, intimidation, or insult because she opposed the harassment; and 3) the harassment, intimidation, or insult was sufficiently adverse that it could have deterred a reasonable worker from complaining about discrimination.

Ms. Randles is not required to prove that the harassment resulted in any "tangible loss" of pay or benefits.  Harassment which creates a hostile environment but does not cause an employee loss of any tangible work benefits is nevertheless discrimination in a term, condition or privilege of employment.  Harassment which affects the plaintiff's mental and emotional wellbeing and her status in the workplace can also violate the law.

Given: _____

Refused:_____

Date:_____

By:_____

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993); *Burlington Northern & Santa Fe Ry . White*, 548, U.S. 53, 67-68 (2006).

35

## PLAINTIFF'S PROPOSED JURY INSTRUCTION BB

### <u>Title VII/VHRA Definitions – Constructive Discharge</u>

Denise Randles claims she had no choice but to take early retirement due to the

cumulative effect of defendant's continuing harassment and retaliatory.  If proven, this is called a

"constructive discharge" and the law treats it as though she were involuntarily terminated.  To

prove that she was constructively  discharged, Denise Randles must prove that her working

conditions became so intolerable that a reasonable person in her position would resign.


Given: _____

Refused:_____

Date:_____

By:_____


Adapted from Third Circuit Title VII Pattern Jury Instruction 5.2.2.  *United States EEOC v.
Consol Energy,* 860 F.3d 131, (4th Cir. 2017) (citing *Green v. Brennan*, 578 U.S. 547, 136 S. Ct.
1769, 1779 (2016).

36

## PLAINTIFF'S PROPOSED JURY INSTRUCTION CC

### Title VII/VHRA Definitions – Vicarious Liability for Supervisor Harassment

Ms. Randles claims that the Defendant is liable because she was sexually harassed by her supervisor.  When harassment is carried out by a supervisor, the employer is liable for that harassment directly and as a matter of law, without regard to any other consideration, including such things as any policy that the Town may have had and without regard to whether anyone at the Town knew or should have known of the harassment.  Here, Ms. Randles alleges that she was subjected to a sexually hostile work environment by Mr. Thompson, and that Mr. Thompson was her supervisor.

You must first determine whether Mr. Thompson was a "supervisor."  Although the term "supervisor" has an everyday meaning, it also has a specialized legal meaning.  The legal meaning recognizes that an employer can invest a supervisor with power and authority to affect a significant aspect of the employee job and sometimes results in a financial consequence.  When you decide whether Mr. Thompson was the plaintiff's supervisor, you must apply the specialized legal meaning of that term as I will instruct you.

Here, Mr. Thompson is a "supervisor" if you find that he was empowered by the Town to take "tangible employment actions" as to Ms. Randles.  A tangible employment action is one that results in a significant change in employment status.  This can include actions such as having input into an evaluations that affects whether the employee will receive a pay increase or bonus; denying the employee an opportunity to work overtime; imposing supervisory and disciplinary decisions; taking actions that result in the suspension of an employee; taking actions that results in any financial loss to the employee.  They also include actions such as hiring, firing, failing to promote, transferring, reassigning with significantly different responsibilities, or significantly changing benefits.

A lower-level supervisor will be considered a legal supervisor, even if they are only able to recommend employee actions disciplinary, and lack final decision-making authority, when the employer's decision makers significantly rely on input from the lower-level employee.  For example, when a lower-level supervisor is the one most familiar with the employee's work and higher-level decisionmakers necessarily rely upon the recommendation of the lower-level supervisor, the lower-level supervisor is a legal supervisor.  In those circumstances, the lower-level supervisor's recommendations influence tangible employment actions and can thus indirectly effectuate them.   Here, Ms. Randles claims that Mr. Thompson was her legal supervisor both because he always held a higher rank in the police force than her; because higher-level decision makers relied substantially on his input; and that he did in fact take several tangible employment actions against her.

Given: _____

Refused:_____

Date:_____

By:_____

*Vance v. Ball State University*, 570 U.S. 421, 446-47 (2013) (citing *Faragher v. Boca Raton*, 524 U.S. 775, 807 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 742, 763 (1998)); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 278-79 (4th Cir. 2015).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION DD

### Title VII/VHRA Definitions – Affirmative Defense for Supervisor Harassment

If you determine that Mr. Thompson was Ms. Randles' supervisor within the legal meaning of the term, you must then determine whether the Defendant is entitled to offer what is called an affirmative defense. In its defense, Defendant contends that Ms. Randles' delay in reporting Mr. Thompson's harassment means that the Town should not be liable for any harassment that occurred before she made her complaint.

With regard to the Defendant's affirmative defense, you must first determine whether Mr. Thompson's harassment culminated in, or led to, an actual tangible employment action against Ms. Randles. If it did, then the Defendant is strictly liable for Mr. Thompson's harassment of Ms. Randles, and any policy that the Town had does not matter. In that event, you must find the Town liable for this claim.

However, if you find that Mr. Thompson's harassment did not result in an actual tangible employment action, then you must decide whether the Defendant has proven all elements of its affirmative defense. On this affirmative defense the Town bears the burden of proof. If you are at this point in your deliberations, the Defendant—not the Plaintiff—must prove each of the following elements by a preponderance of the evidence:

1. That the Town of Herndon exercised reasonable care to prevent and promptly correct any sexually harassing behavior, and

2. That Ms. Randles unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Town, or otherwise unreasonably failed to avoid harm.

If you determine that the Defendant has proven <u>both</u> of these elements, you should find the Defendant is <u>not</u> liable for Ms. Randles' claim.  If you determine that the Defendant has <u>not</u> proven <u>both</u> of these elements, you should find the Defendant liable for this claim.

Given: _____

Refused:_____

Date:_____

By:_____

*Vance v. Ball State University*, 570 U.S. 421, 424 (2013); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 278-79 (4th Cir. 2015).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION EE

### <u>Spoliation</u>

You have heard evidence about body worn camera footage that reflects certain events in this case.   You are instructed that the Town had a legal duty to preserve the body worn camera videos regarding Ms. Randles' last two IA.   Those are IA-2021-006.   And IA-2021-009.   The Town failed to take reasonable steps to preserve or restore certain body worn camera footage relevant to those two IAs.

As a result of the Town's failure to preserve this video footage, Ms. Randles is unable to present that video footage in support of her claims.   You may consider this information in your deliberations and make any inferences or conclusions that you find to be appropriate.

Given: _____

Refused:_____

Date:_____

By:_____

*Buckley v. Mikasey*, 538 F.3D 306 (4th Cir. 2008), *Silverstri v. GMC*, 271 F.3d 583 (4th Cir. 2001), *Vodeusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995), F.R.C.P. 37 (e).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION FF

### <u>General Damages</u>

If you find your verdict for Denise Randles, then in determining the damages to which she is entitled, you may consider any of the following which you believe by the greater weight of the evidence was caused by the wrongful conduct of Defendant:

1) any pain and mental anguish she suffered in the past and that she may be reasonably expected to suffer in the future;

2) any inconvenience caused in the past and any that probably will be caused in the future;

3) any loss of earnings and lessening of earning capacity, or either, that she suffered in the past or may reasonably be expected to sustain in the future;

4) any loss of retirement and other benefits that she lost and may reasonably be expected to sustain in the future; and

5) any other monetary losses suffered by Denise Randles.

Your verdict should be for such sum as will fully and fairly compensate Denise Randles for the damages sustained as a result of Defendant's wrongful conduct. You are to base your verdict as to future losses not upon guess-work or speculation but only upon evidence that shows that there is reasonable probability that there will be future damage, expenses, and pain and suffering resulting from the original injury. It is not necessary for plaintiff to show that there is an absolute certainty that the injury or loss will continue into the future. It is sufficient if he

42

shows that there is a probability that the injury and loss will continue, in which event he should

be compensated for it.

GIVEN: _____

REFUSED: _____

DATE: _____

BY: _____


Virginia Model Jury Instruction 9.000 (modified to eliminate elements of injury present/not present in this case, and  names of parties).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION GG

### <u>Taxation of Compensatory Damages</u>

Any damages that you assess in Ms. Randles' favor are "income" within the meaning of Federal and Virginia (the state where Ms. Randles resides) income tax laws and Ms. Randles will have to pay income tax on any amounts assessed as damages. In determining the amount of the fair and reasonable compensation that you assess in Ms. Randles' favor, you may take into account the fact that she will have to pay income taxes on your assessment.

GIVEN: _____

REFUSED:_____

DATE:_____

BY:_____

*See* Office of Chief Counsel, Internal Revenue Service Memorandum, p. 15, available at
https://www.irs.gov/pub/lanoa/pmta2009-035.pdf

44

## PLAINTIFF'S PROPOSED JURY INSTRUCTION HH

### **Interest**

You may, but are not required to, award prejudgment interest to any amount of damages.

Prejudgment interest in Virginia is 6 % per annum.

GIVEN: _____

REFUSED:_____

DATE:_____

BY:_____

Va. Code § 6.2-302; § 8.01-382.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION II

### Duty to Deliberate/Unanimous Verdict

You are about to go into the jury room and begin your deliberations. In order to prevail, Ms. Randles must meet her burden of proof as I have explained it to you with respect to each of her claims. They are:

Count One: Sexual Harassment that gave rise to a Hostile Work Environment Based on Sex; and

Count Two:   Retaliatory harassment that gave rise to a Hostile Work Environment in in Violation of Title VII;

Count Three: Constructive Discharge in Violation of Title VII;

Count Four: Sexual Harassment giving rise to a Hostile Work Environment in Violation of Virginia Human Rights Act/Virginia Values Act; and,

Count Five: Retaliatory Harassment giving rise to a Hostile Work Environment in Violation of Virginia Human Rights Act/Virginia Values Act; and

Count Six: Constructive Discharge in Violation of the Virginia Human Rights Act/Virginia Values Act).

If you find that Denise Randles has succeeded in meeting her burden of proof on any of her claims against the Defendant, you should return a verdict in her favor on each claim she met her burden of proof against the Defendant. If you find that Denise Randles failed to sustain the burden on any of her claims against the Town of Herndon, you should return a verdict in favor of the Defendant for any such specific Count/claim.

46

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for him or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict

Given:_____

Refused:_____

Date:_____

By:_____

(Adapted from Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, <u>Modern Federal Jury Instructions</u> – Civil, Volume 4, Section 78 (2012), Instruction 78-3.)

47