IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DENISE RANDLES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:23cv00142 (AJT/JFA) |
| ) | |
| THE TOWN OF HERNDON ) | |
| POLICE DEPARTMENT, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM REGARDING
ADMISSIBILITY OF TWO PROPOSED EXHIBITS**

By way of background, Ms. Randles intends to offer into evidence at trial two documents relating the investigation conducted by the Herndon Police Department into her complaint of sexual harassment against Captain Steve Thompson, consisting of 1) the report of Captain Steven Pihonak, setting out his findings of fact and conclusions based on his investigation, and 2) Chief of Police Maggie DeBoard's memorandum, both of whom sustained the charge of harassment against Captain Thompson. These documents were the subject of Plaintiff's motion for summary judgment, and at the hearing on that motion the Court opined that the documents are likely admissible. However, in response to concerns raised by Defendant's counsel, the Court requested that Plaintiff to submit a copy with proposed redactions which would address those concerns.

As addressed in Plaintiff's motion for summary judgment, the report and the memo are admissible on at least two related bases. Under Virginia law, the Town's police ordinance and administrative regulation, and the Herndon Police Department's General Orders on the conduct

1

of IA investigations, the Town and its Police Department authorized Chief DeBoard and Captain Pihonak to make the statements set out in these documents concerning Captain Thompson's sexual harassment of Ms. Randles. The statements by Captain Pihonak and Chief DeBoard are admissible by Ms. Randles as statements of an opposing party, pursuant to Fed. R. Evid. R. 801(d)(2)(D), since they were both employees and agents of the Town of Herndon when they made the statements in these documents, and the statements were made concerning a matter within the scope of their employment relationship. *See, e.g., Lyons v. City of Alexandria*, 35 F. 4th 285, 290 n.4 (4th Cir. 2022).

Moreover, these documents are admissible as "public records," since they comprise a "record or statement of a public office" which sets out "factual findings from a legally authorized investigation." Fed. R. Evid. R. 803(8)(A)(iii). As such, they are admissible not only as to the factual findings contained therein, but also as to any related "conclusion or opinion," to the extent they are based on the factual findings and satisfy the rules' "trustworthiness requirement." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170, 109 S. Ct. 439, 102 L. Ed. 2d 445 (1998). Such reports are entitled to a "presumption of admissibility," which is "based on the policy determination that such admissibility is warranted 'because of the reliability of the public agencies usually conducting the investigation, and their lack of motive for conducting the studies other than to inform the public fairly and adequately.'" *Kennedy v. Joy Techs., Inc.*, 269 Fed. Appx. 302, 309 (4th Cir. 2008), quoting *Ellis v. Int'l Playtex, Inc.*, 745 F.2d 292, 300 (4th Cir. 1984). On this basis, courts have regularly admitted reports of internal affairs investigations pursuant to Fed. R. Evid. R. 803(8)(A)(iii). *See Jones v. Slay*, No. 4:12–CV–2109 CAS, 2014 WL 6775816, at *9 n. 5 (E.D.Mo. Dec. 2, 2014).

Finally, Mr. Thompson's statements to Captain Pihonak during his interviews in the course of the investigation, as summarized in the report, would also be admissible as statements of a party opponent pursuant to Fed. R. Evid. R. 801(d)(2)(D), and not precluded as "hearsay within hearsay" pursuant to Fed. R. Evid. R. 803, since those statements were made during their contemporaneous employment by Defendant. Captain Pihonak's summary of Ms. Randles' interview statements would be admissible as prior consistent statements pursuant to Fed. R. Evid. 801(d)(1)(B)(i) to rebut Defendant's claims that her allegations in this litigation have conflicted with and deviated from her interviews with Captain Pihonak.

Defendant has not and cannot undermine the trustworthiness of its own investigation documented in the report and memo. However, to address concerns Defendant has raised about the contents of the documents, Plaintiff proposes redactions to each document as marked by highlighted text in the report and memo, attached hereto as Exhibits 1 & 2. Specifically, Plaintiff has marked for redaction any language in either document expressly assessing the credibility of Ms. Randles or Mr. Thompson. In addition to charges arising from Ms. Randles' allegation of sexual harassment, Mr. Thompson was also charged with demonstrating a lack of truthfulness in the course of the investigation, and that charge was sustained by Chief DeBoard. All references to that charge and findings with regard to Mr. Thompson's "truthfulness" have also been redacted.

Accordingly, subject to these redactions, Plaintiff proposes offering the attached exhibits in evidence at trial.

October 11, 2023                                  Respectfully submitted,

/S/ Mary Ann Kelly
Mary Ann Kelly, VSB #32786
THE LAW OFFICE OF MARY ANN KELLY
3977 Chain Bridge Road, Suite 300
Fairfax, Virginia 22030
Phone (703) 865-5032
makelly@kelly-firm.com

*Counsel for Plaintiff, Denise Randles*
Carla D. Brown, VSB #44803
CHARLSON BREDEHOFT COHEN
 BROWN & NADELHAFT, P.C.
11260 Roger Bacon Drive, Suite 20
Reston, Virginia 20190
(703) 318-6800 Telephone
cbrown@cbcblaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify on the 11th day of October, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing to the following:

>Heather K. Bardot, Esq.
>Anna G. Zick, Esq.
>McGAVIN, BOYCE, BARDOT THORSEN & KATZ, P.C.
>9990 Fairfax Boulevard, Suite 400
>Fairfax, Virginia 22030-2514
>(703) 385-1000 Telephone
>(703) 385-1555 Facsimile
>hbardot@mbbtklaw.com
>azick@mbbtklaw.com
>*Counsel for Defendant*

>*//S/* Mary Ann Kelly
>Mary Ann Kelly, VSB #32786
>THE LAW OFFICE OF MARY ANN KELLY
>3977 Chain Bridge Road, Suite 300
>Fairfax, Virginia 22030
>Phone (703) 865-5032
>makelly@kelly-firm.com