# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| DENISE RANDLES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 1:23cv00142 (AJT/JFA) |
| THE TOWN OF HERNDON POLICE DEPARTMENT, *et al.* | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DISPUTED JURY INSTRUCTIONS**

Pursuant to this Court's Order dated July 28, 2023 [Dkt. 136], Plaintiff hereby submits this brief regarding Plaintiff's objections to Defendant's disputed proposed jury instructions. The parties continue to consult on standard, non-substantive instructions.

- **Defendants' Jury Instruction E** - *Burden of Proof—Preponderance of the Evidence*

Plaintiff's Objections:

Defendant's instruction is weighted improperly in its own favor. Both parties have the burden of proof on certain issues in this litigation, with the Defendant having the burden of proof on its affirmative defense to Plaintiff's hostile work environment claim (should it be entitled to assert it), for example. However, Defendant's instruction identifies the Plaintiff solely as carrying the burden of proof, and instructs the jury to find for the Defendant wherever an issue is evenly divided. ("In other words, a tie goes to the Defendant.") Plaintiff's instruction more accurately and fairly states this issue without favor toward either party. *See* Plaintiff's Instruction No. PL-12.

1

- **Defendant's Instruction No. 33** - *Essential Elements of Plaintiff's Claim: Constructive Discharge*

Plaintiff's Objections:

With regard to the first element of the claim, Defendant's instruction incorrectly requires the jury to find that the Town "intentionally" made Plaintiff's working conditions intolerable in order for her to prevail. "Deliberateness" (*i.e.*, intentionality) is not a component of a constructive discharge claim. *U.S. Equal Emp't Opportunity Comm'n v. Consol Energy, Inc.*, 860 F.3d 131, 144 (4th Cir. 2017). *See* Plaintiff's Instruction No. PL-28.

With regard to the second element of the claim, Defendant's instruction incorrectly states Plaintiff's claim. The instruction refers only to "Plaintiff's sex" as a basis (motivating factor) for Defendant's conduct. Plaintiff is also claiming constructive discharge based on Defendant's retaliation. *See* Plaintiff's Instruction No. PL-28.

- **Defendants' Jury Instruction No. 34** - *Harassment – Hostile Environment – Coworker*

Plaintiff's Objections:

The first element of Defendant's instruction incorrectly states Plaintiff's hostile work environment claim. There is no requirement that the harassment be overtly sexual in order to constitute a sex-based hostile work environment. *See, e.g., E.E.O.C. v. National Educ. Ass'n, Alaska*, 422 F.3d 840, 844 (9th Cir. 2005). In this case, Plaintiff alleges includes harassment by conduct which was both expressly sexual and non-sexual. *See* Plaintiff's Instruction No. PL-22.

The second element of Defendant's instruction incorrectly states that the conduct must be "severe and pervasive." In order to prevail, Plaintiff need only to prove that the harassment was severe *or* pervasive. *See* Plaintiff's Instruction No. PL-22; Defendant's Instruction No. 41.

The fifth and sixth elements of Defendant's instruction instruct the jury on a negligence standard, which applies only if the jury finds that Mr. Thompson was not Ms. Randles' supervisor. *See* Plaintiff's Instructions Nos. PL-29, PL-30. This instruction should be given together with the other instructions regarding Defendant's hostile work environment liability, for completeness, clarity, and to avoid potential juror confusion.

- **Defendants' Jury Instruction No. 35** - *Retaliation*

Plaintiff's Objections:

The second and third elements of Defendant's instruction incorrectly instruct the jury that it must find a "materially adverse employment change in the terms or conditions of the plaintiff's employment." This is an incorrect statement of law. Retaliation is not limited to materially adverse changes "in the terms or conditions of employment." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006) ("the antiretaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment"); *Edwards v. Murphy–Brown*, 802 F. Supp. 2d 670, 677 (E.D. Va. 2011) (the adverse action component of the antiretaliation provision is not limited to discriminatory actions that affect the terms and conditions of employment). *See* Plaintiff's Instruction No. PL-25.

- **Defendant's Jury Instruction No. 40** - *Hostile or Abusive*

Plaintiff's Objections:

This instruction is incomplete as stated, and is duplicative of elements set out more fully in other instructions proposed by both parties, *see* Plaintiff's Instruction No. PL-22; Defendant's Instruction No. 42, and therefore could confuse the jury. If the Court gives this instruction, it should be combined with more expansive Instruction 42 that covers the same issue.

3

- **Defendant's Jury Instruction No. 41** - *Severe or Pervasive*
    and
- **Defendant's Jury Instruction No. 42** - *Hostile or Abusive work Environment (pattern)*

Plaintiff's Objections:

Defendant's Instructions Nos. 41 and 42 incorrectly state that Ms. Randles must prove that the workplace was "permeated" with harassment. There is no legal requirement that a plaintiff satisfy this undefined standard to prevail on a hostile work environment claim, and numerous Fourth Circuit decisions addressing the elements of a hostile work environment claim do not even use the term. *See, e.g., Fox v. General Motors Corp.*, 247 F.3d 169 (4th Cir. 2001); *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761 (4th Cir. 2003); *Okoli v. City of Baltimore*, 648 F.3d 216 (4th Cir. 2011). *See* Plaintiff Instruction No. PL-22.

The term is duplicative of the "severe or pervasive" requirement of this claim, and therefore instructing the jury that it must additionally find the environment "permeated" with harassment could confuse and mislead the jury by imposing a higher standard than required by law.

- **Defendant's Jury Instruction No. 43** - *Reasonable Care*

Plaintiff's Objections

This instruction inaccurately states Defendant's burden of proving that Ms. Randles "unreasonably failed" to follow the Town's complaint procedure. Defendant bears the burden of proof on its affirmative defense to Ms. Randles' hostile work environment claim. This proposed instruction incorrectly implies that any failure by Ms. Randles to follow the complaint procedure is unreasonable. "Reasonableness" is an issue for the jury, and caselaw recognizes that credible and genuine fear of retaliation based on threats and other intimidating circumstances creates an

issue of fact for the jury. *See, e.g.*, *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 415-16 (6th Cir. 2021); *Johnson v. West*, 218 F.3d 725, 732 (7th Cir. 2000); *Miles v. DaVita Rx, LLC*, 962 F. Supp. 2d 825, 833 (D. Md. 2013).

In addition, this instruction addresses terms that are covered in Defendant's Instructions Nos. 52 & 54. If a version of this instruction is given, it should be combined with those instructions for completeness and clarity, and to avoid potential jury confusion.

- **Defendant's Jury Instruction No. 45** - *Supervisor*

Plaintiff's Objections:

This instruction is an incorrect statement of law. An individual need not have direct and final decision making authority in order to qualify as a "supervisor" for purposes of Ms. Randles' claims. As set forth in Plaintiff's Instruction No. PL-29, a lower-level supervisor will be considered a supervisor for purposes of Title VII, even if they are only able to recommend employee actions, and lack final decision-making authority, when the employer's decision makers significantly rely on input from the lower-level employee. For example, when a lower-level supervisor is the one most familiar with the employee's work and higher-level decisionmakers rely upon the recommendation of the lower-level supervisor, he is a legal supervisor. *See Vance v. Ball State University*, 570 U.S. 421, 446-47 (2013); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 278-79 (4th Cir. 2015).

- **Defendant's Jury Instruction No. 46** - *Extreme Conduct to Amount to Change in Conditions of Employment*

Plaintiff's Objections:

This instruction is an incorrect statement of law. The conduct need not be "extreme. "It modifies Defendant's Instruction No. 41, concerning the requirement that harassment be "severe

or pervasive" in order to constitute a hostile work environment. This instruction incorrectly heightens that standard by requiring Ms. Randles to prove that the harassment was "extraordinarily" severe. In addition, it substitutes "continuous and concerted" for pervasive, implicitly adding a third factor to the "severe or pervasive" standard. *See* Plaintiff's Instruction No. PL-22.

- **Defendant's Jury Instruction No. 47** - *Reasonable Person*

Plaintiff's Objections:

This instruction is an incorrect statement of law. There is no legal requirement that harassment "seriously affect the psychological well being" of the plaintiff in order to constitute an actionable hostile work environment. This is recognized by Defendant's Instruction No. 42, which correctly states: "while psychological harm, like any other relevant factor, may be taken into account, no single factor is required." Accordingly, it is only one factor to consider.

Moreover, an instruction on the "reasonable person" standard should not be given piecemeal, it should be given as part of a unified instruction on harassment to avoid potentially confusing or misleading the jury. *See* Plaintiff's Instruction No. PL-22.

- **Defendant's Jury Instruction No. 49** - *Town's liability*

Plaintiff's Objections:

This instruction is an incorrect statement of law. If the jury finds that Mr. Thompson is a "supervisor" within the meaning of Title VII, the Town will be vicariously liable for his actions. If his harassment culminated in a tangible employment action, the Town will be strictly liable. If it did not, then the Town will be liable unless it can meet its burden of establishing its affirmative defense. *See Vance v. Ball State University*, 570 U.S. 421, 424 (2013); *Boyer-Liberto v.*

*Fontainebleau Corp.*, 786 F.3d 264, 278-79 (4th Cir. 2015).  *See* Plaintiff's Instructions Nos. PL-29, PL-30.

- **Defendant's Jury Instruction No. 52** - *Law Against Sexual Harassment is Not Self-Enforcing*

Plaintiff's Objections:

This instruction incorrectly states "[a]n employee is not excused from reporting sexual harassment to his or her employer because of a fear of retaliation, or a belief that the complaint will not be investigated."  The correct standard is whether the employee "unreasonably" failed to report sexual harassment.  *See* Plaintiff Proposed Jury Instruction No. PL-30; Defendant's Proposed Jury Instruction No. 54.  For example, the decision cited in support of this instruction states that a "nebulous" or "generalized" fear of retaliation will not suffice, but caselaw is equally clear that a credible and genuine fear of retaliation based on threats and other intimidating circumstances may excuse an employee from promptly reporting sexual harassment, and creates an issue of fact for the jury.  *See, e.g., Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 415-16 (6th Cir. 2021); *Johnson v. West*, 218 F.3d 725, 732 (7th Cir. 2000); *Miles v. DaVita Rx, LLC*, 962 F. Supp. 2d 825, 833 (D. Md. 2013).

Instructions on the Defendant's burden of proof with regard to its affirmative defense to a hostile work environment claim should be given correctly and as part of a unified and orderly instruction on harassment to avoid potentially confusing or misleading the jury. *See* Plaintiff's Instruction Nos. PL-29, PL-30.

- **Defendant's Jury Instruction No. 54** - *Reasonable Care to Prevent and Correct Sexual Harassment*

Plaintiff's Objections:

This instruction is an incorrect statement of law. Defendant will be strictly liable for Mr. Thompson's harassment, and will not be entitled to its affirmative defense, if the jury finds that 1) Mr. Thompson was a "supervisor," and 2) his harassment culminated in a "tangible employment action." *See Vance v. Ball State University*, 570 U.S. 421, 424 (2013); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 278-79 (4th Cir. 2015). *See* Plaintiff's Instructions Nos. PL-29, PL-30.

- **Defendant's Jury Instruction No. 55** - *Legitimate Nondiscriminatory Reasons for Employment Decision*

Plaintiff's Objections:

This instruction is misleadingly vague, and misstates Plaintiff's claims. First, the term "decision" as used in this instruction does not accurately reflect the scope of the Town's adverse actions and treatment at issue, and is potentially confusing. Accordingly, Plaintiff's Instruction PL-25 more accurately refers to adverse actions and treatment. There is no legitimate nondiscriminatory reason for sexual harassment or a hostile work environment.

In addition, Defendant's instruction refers only to discrimination "because of Plaintiff's sex." Plaintiff is also alleging adverse treatment in retaliation for her protected conduct. *See generally*, Plaintiff's Instructions Nos. PL-23 to PL-28.

October 12, 2023                                        Respectfully submitted,

*/S/ MARY ANN KELLY*
Mary Ann Kelly, VSB #32786
THE LAW OFFICE OF MARY ANN KELLY
3977 Chain Bridge Road, Suite 300
Fairfax, Virginia 22030
Phone (703) 865-5032
makelly@kelly-firm.com

Carla D. Brown, VSB #44803
CHARLSON BREDEHOFT COHEN
 BROWN & NADELHAFT, P.C.
11260 Roger Bacon Drive, Suite 20
Reston, Virginia 20190
Phone (703) 318-6800
cbrown@cbcblaw.com

*Counsel for Plaintiff, Denise Randles*

## **CERTIFICATE OF SERVICE**

I hereby certify on the 12th day of October, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing to the following:

> Heather K. Bardot, Esq.
> Anna G. Zick, Esq.
> McGAVIN, BOYCE, BARDOT
> THORSEN & KATZ, P.C.
> 9990 Fairfax Boulevard, Suite 400
> Fairfax, Virginia 22030-2514
> (703) 385-1000 Telephone
> (703) 385-1555 Facsimile
> hbardot@mbbtklaw.com
> azick@mbbtklaw.com
> *Counsel for Defendant*

*/S/ MARY ANN KELLY*
Mary Ann Kelly, VSB #32786
THE LAW OFFICE OF MARY ANN KELLY
3977 Chain Bridge Road, Suite 300
Fairfax, Virginia 22030
Phone (703) 865-5032
makelly@kelly-firm.com
*Counsel for Plaintiff, Denise Randles*